UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD E. GRAY, #128263,

      Petitioner,

v.                                 CASE NO. 2:21-CV-11561
                                 HON. ARTHUR J. TARNOW

CHANDLER CHEEKS,

      Respondent.
_____/

## OPINION AND ORDER DISMISSING THE HABEAS CASE AS DUPLICATIVE AND DENYING A CERTIFICATE OF APPEALABILITY AND LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

Michigan prisoner Richard E. Gray ("Petitioner") has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting that he is being held in violation of his constitutional rights. In his pleadings, he challenges his Oakland County Circuit Court convictions for armed robbery and assault with intent to rob while armed for which he was sentenced, as a fourth habitual offender, to concurrent terms of 27 to 60 years imprisonment in 2017.

Petitioner, however, has already filed a federal habeas action challenging the

same convictions and sentences, which is pending before the Court. *See Gray v. Cheeks*, Case No. 2:21-CV-11356 (E.D. Mich.). The Court notes that there was an administrative delay in processing Petitioner's initial habeas case, which may be the reason for the duplicative filing. In any event, the instant case must be dismissed as duplicative to the first-filed habeas case. *See, e.g., Flowers v. Trombley*, 2006 WL 724594, *1 (E.D. Mich. March 17, 2006); *Harrington v. Stegall,* 2002 WL 373113, *2 (E.D. Mich. Feb. 28, 2002); *see also Davis v. United States Parole Comm'n*, 870 F.2d 657, 1989 WL 25837, *1 (6th Cir. March 7, 1989) (district court may dismiss habeas petition as duplicative of pending habeas petition when second petition is essentially same as first petition). Petitioner may not challenge the same convictions in two different habeas actions. Accordingly, the Court **DISMISSES** this case without prejudice to Petitioner's previously-filed habeas case. The Court makes no determination as to the merits of his habeas claims. All future pleadings should be filed in Case No. 2:21-CV-11356. This case is closed.

Before Petitioner may appeal this decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue only if a petitioner makes "a substantial showing of the

denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Reasonable jurists could not debate the correctness of the Court's procedural ruling. Accordingly, the Court **DENIES** a certificate of appealability. The Court also **DENIES** leave to proceed in forma pauperis on appeal as an appeal from this non-prejudicial dismissal cannot be taken in good faith. *See* Fed. R. App. P. 24(a).

    **IT IS SO ORDERED**.

                                                          s/Arthur J. Tarnow
                                                          ARTHUR J. TARNOW
                                                          UNITED STATES DISTRICT JUDGE

Dated: October 27, 2021